Law Office of G. Anthony Long
P.O. Box 504970
Saipan, MP 96950
Tel.:  (670) 235-4802
Fax:  (670) 235-4801

Attorney for Defendant

UNITED STATES DISTRICT COURT
NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO.   07-00029 |
|---|---|
| Plaintiff, | |
| vs. | DEFENDANT'S MOTION FOR DISCOVERY |
| LI, ZONG GUO, | |
| Defendant. | |

      The defendant, Li Guo Zong, hereby requests that the government comply with the following discovery request, made pursuant to the provisions of the Federal Rules of Criminal Procedure, Rule 16, and other authorities cited herein. Although the Government has provided some discovery to date and has indicated that additional discovery is forthcoming, this request is made in order to preserve, on the record, the defendant's request for discovery.

1

## A. RULE 16 DISCOVERY REQUEST

1. *Statements of the Defendant (Fed.R.Crim.P. 16(a)(1)(A)(B))*

i. *Written or Recorded Statements:* Provide any written or recorded statements made by the defendant within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to you.

ii. *Oral Statements:* Provide that portion of any written record, including original notes, containing the substance of any relevant oral statements made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent or other law enforcement officer regardless of whether the government intends to use the statements at trial. Also provide the substance of any oral statements made by the defendant whether before or after interrogation by any person then known by the defendant to be a government agent or law enforcement officer that the government intends to use in any manner at trial regardless of whether any written record of the statement exists.

In the event the government intends to use such an oral statement at trial, the Defendant requests that it be reduced to writing and produced. This request includes the substance of the defendant's response to *Miranda* warnings. The Defendant requests that in response to this request for defendant's statements, the Government ask each law enforcement agency involved in investigating or prosecuting this case to search its files for responsive information.

2. *Defendant's Criminal Record (Fed.R.Crim.P. 16(a)(1)(D))*

Provide a copy of the defendant's criminal record within the possession, custody or control of

2

the government, the existence of which is known, or by the exercise of due diligence may become known to you. This request includes the defendant's entire criminal record, including all arrests and offenses, regardless of severity. It includes discovery of all matters known to the government, or that may become known with due diligence, that may affect the defendant's criminal history

   3.   *Documents and Tangible Objects (Fed.R.Crim.P. 16(a)(1)(E))*

The defendant is entitled to inspect, and/or copy and/or photograph any books, papers, documents, tangible objects, buildings, or places or copies or portions thereof, that are within the possession, custody or control of the government and are material to the preparation of the defense, are intended for use by the government as evidence in-chief at trial, or were obtained from or belong to the defendant regardless of the manner in which such material came into the possession of the government.

This request includes any evidence seized as a result of any search, whether or not such search was made with a warrant. Provide a list of these items. Kindly make said items available to the defendant. Separately identify any materials the government intends to use at trial in-chief.

   4.   *Reports of Scientific Tests and Other Examinations (Fed.R.Crim.P. 16(a)(1)(F))*

Provide all results or reports of physical or mental examinations, and scientific tests or experiments within the possession, custody, or control of the government or by the exercise of due diligence may become known to you, material to the preparation of the defense or are intended for use by the government as evidence in chief at trial. In the event the results of any scientific tests were reported orally to the U.S. Attorney's office or to any government official or law enforcement

officer, defendant requests that a written report of the results to be made and produced. In complying with this request, please contact any law enforcement agency involved in the investigation or prosecution of this case to determine whether relevant examinations or tests were conducted, and, if so, produce the results or reports.

    5.   *Summaries of Expert Witness Testimony (Fed.R.Crim.P. 16(a)(1)(G))*

In the event the government intends to offer any expert testimony under the Federal Rules of Evidence through any witness, including a government agent or other law enforcement officer, defendant request that the government prepare and produce a summary of the witness' opinion testimony, the grounds or basis for any such opinion testimony and the qualifications of the expert witness.

**B.   Rule 12(b)(4)(B), Federal Rules of Criminal Procedure**

The Defendant requests notice of all evidence the government intends to use in its case-in-chief discoverable under *Fed.R.Crim.P.* 16 that may be subject to a motion to suppress.

**C.   Rule 404(b), Federal Rules of Evidence**

Defendant requests notice of any "other offense" evidence the government intends to introduce in its case-in-chief pursuant to Rule 404(b) of the Federal Rules of Evidence. In addition, at the time the Government identifies any "other offense" evidence it intends to offer in rebuttal, please produce and identify such evidence separately.

**D.   Brady Material**

Pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), the Defendant requests any exculpatory

evidence material to guilt or punishment, including but not limited to documents, statements, agents' reports, and tangible evidence. Impeachment as well as exculpatory evidence is properly classified as B*rady* material. *U.S. v. Bagley*, 473 U.S. 667 (1985); *U.S. v. Agurs*, 427 U.S. 97 (1976). Should there be a question with regard to whether certain information constitutes *Brady* material, or when it must be produced, the Government must present the information to the court for review *in camera* to resolve these issues.

    a.    Reveal and disclose the names, addresses, telephone numbers, backgrounds and entire criminal records of all witnesses to be presented on the witness stand during the trial of this case by the Government.

    b.    Reveal and disclose the names, addresses, telephone numbers, backgrounds, and entire criminal records of all persons who have any knowledge whatsoever regarding the case and/or were interviewed by any governmental employee or agent in connection with this case.

    c.    Reveal and disclose the names, addresses, backgrounds and entire criminal records of any informants, special employees, alleged co-conspirators (whether indicted or unindicted), alleged accomplices (whether indicted or unindicted) and other persons who participated in the investigation of this case or who may be called as witnesses by the Government during any phase of the trial of this case, and reveal and disclose the same information regarding any persons hired, directed, requested and/or paid by the Government to investigate, "snoop" or otherwise obtain information in any manner whatsoever in the investigation of this case.

    d.    Disclose the total amounts of money paid out to any informant, special employee,

alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), tipster or snoop who was interviewed in connection with this case or who may be called as a witness by the Government during any phase of the trial of this case, together with the dates of payment, where made, to whom made and the reasons for the payment.

  e. Reveal and disclose all transcriptions of any kind whether recorded or written, regarding any conversation with, discussions with or statements made by informants, special employees, alleged co-conspirators (whether indicted or unindicted), alleged accomplices (whether indicted or unindicted), alleged aiders and abettors (whether indicted or unindicted), tipsters or snoops of the Government who have been involved in any manner whatsoever in the investigation of this case or who may be called as a witness during any phase of this case.

  f. State the names and classifications of any and all law enforcement or government officials who met with, talked to or who were present at any meeting, telephone conversation or discussion held with any informants, special employees, co-conspirators, accomplices, or snoops used by the Government during this investigation.

  g. Reveal and disclose whether any person involved in the investigation of this case has been given a polygraph examination, and if so, list the name of the person(s) examined; the name and address of the operator(s); the date(s) of the examination; and furnish the defendant with a copy of the questions posed, the answers given and the interpretation thereof.

  h. Reveal and disclose any information or knowledge in the hands of the Government

or which could be obtained by exercise of reasonable diligence by the Government which would in any manner show that any of the Government's potential witnesses may be suffering from delusions, emotional difficulty, alcoholism, narcotics addiction, the abuse or use of controlled substances of any type, psychological or psychiatric imbalance or any other physical or mental disability that might possibly affect, impair or influence the quality of competency of the potential witnesses' testimony or that in any way could reasonably affect this witness's credibility or memory.

  i. State whether any Government agent or anyone acting at the direction or behest of the Government (whether an informant, prison inmate, government witness or otherwise) has communicated with the defendant in order to attempt to obtain any information or facts from the defendant pertaining to this case or his defense thereof, and if so, give the name, address of this individual, together with all the facts and circumstances pertaining thereto.

  k. As to all persons who will testify for the Government during its case-in-chief or its rebuttal case, or whose sworn testimony may be used in this trial, or who has been contacted with regard to the investigation of this case, the following specific and detailed information is requested: the existence, substance and manner of execution or fulfillment of any promises, agreements, understandings, arrangements, either verbal or written, between the Government and any such person or his/her attorneys, family or representatives wherein the Government has agreed, either expressly or impliedly, as follows:

  i. Not to prosecute the person for any crime(s);

  ii. Not to prosecute a third party of family member for any crime(s);

      iii. To provide a formal grant of immunity or provide an informal assurance that the person will not be prosecuted in connection with any testimony given by him or her.

      iv. To recommend leniency in sentencing for any crime(s) that the person is convicted;

      v. To recommend a particular sentence for any crime;

      vi. To make any favorable promise to a witness or a family member, or a recommendation of any benefit, however slight.

    l.    Reveal and disclose whether the government has made any attempt or has in fact gained any information from the defendant since the filling of the information by sending, counseling or advising persons to talk with the defendant and if so, describe all of such activity in detail.

    m.    Permit the defendant to copy any document or statement which might be arguably admissible under Com. R. Evid. 801(d)(1)(B) to rebut an express or implied charge against any government witness of recent fabrication or improper influence or motive. These documents are required to be produced because they are evidence that the Government may attempt to introduce during the trial of this case and because they are material to the preparation of the defense as to the method of defense and as to the defendant's approach to the issue of credibility.  This request includes any document that might reasonably be foreseen for use during the Government's case-in-chief or its rebuttal case.

    n.    Reveal and disclose any statements of any type whatsoever made by any individuals who were contacted in connection with or involved in the investigation of this case

which may be inconsistent, in whole or in part, with any other statement made by the same individual; and any statements made by such individuals that are inconsistent, in whole or in part, with any statement made by other individuals who have given statements relevant to the charge(s) against the defendant or with any knowledge held by such individuals.

    o.    Reveal and disclose all threats and coercive tactics of any type directed at any person interviewed by the government in connection with this case or at any witness or potential witness for the government.

    p.    Reveal and disclose the existence and identification of each occasion on which a witness or potential witness for the government, especially a witness who is an accomplice, coconspirator or expert, has testified before any court, grand jury,; other tribunal, etc.

    q.    Reveal and disclose any and all records, criminal or otherwise, or information that can arguably be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of any potential government witness or of the government's evidence, or that can arguably lead to any records of information that might be used for such impeachment purpose.

    r.    Reveal and disclose any evidence or information obtained in connection with the investigation of this case that establishes the defendant's good character or her lack of reputation for committing the act(s) that constitute this crime(s) in this case.

    s.    Reveal and disclose any evidence or information tending, however slightly, to link the commission of the crime(s) in question in this case to someone other than the defendant.

    t.    Reveal and disclose any and all evidence of any type which the government is

9

1  aware of, or which the government could become aware of by the exercise of reasonable diligence,
2  which indicates that any of the individuals whom it has interviewed, debriefed or contacted in
3  connection with the investigation of this case or who may be called as a witness by the government
4  during any phase of trial of this case has been involved, however remotely, in any criminal conduct,
5  at any time up to the present date whether or not this conduct resulted in criminal charges being
6  brought against the individual. This request applies, but is not limited to, any and all informers,
7  alleged accomplices (whether indicted or not), alleged conspirators (whether indicted or not), tipsters
8  or individuals acting in any undercover capacity who may testify in this case or who possess
9
10 information that is relevant to this case, as well as to all other individuals or any type who were
11 involved in any manner, regardless of how remote it may be, in the investigation of this case.
12        u.    Reveal, disclose and allow inspection and photocopying of any and all toll records
13 of any type whatsoever that allegedly reflect conversations with the defendant and with any person
14 whatsoever, including but not limited to, all persons who have acted in any capacity as an informant,
15 special employee, co-conspirator, (whether indicted or unindicted), accomplice, alleged aider and
16 abettor (whether indicted or unindicted), tipster, snoop, or investigator in this case of who may be
17
18 called by the government as a witness during any phase of the trial of this case.
19        v.    Reveal and disclose any and all inculpatory evidence of any type that concerns or
20 relates to any individual who has acted in any capacity as an informant, special employee, alleged
21 co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or
22 unindicted), alleged aider and abettor (whether indicted or unindicted), tipster, snoop or investigator
23
24

in this case or who may be called as a witness by the government during the trial of this case. This request specifically includes, but is not limited to, any charges which were the subject of any plea bargains, or any prosecutorial proceedings of any nature involving the aforementioned class of persons.

w.   In addition to all of the items specifically mentioned and listed herein, the defendant requests that the government furnish to the defendant's attorney any and all evidence of whatever type and kind that is within its possession, custody or control, or the existence of which is known or through exercise of due diligence could become known to it, that may be materially favorable to the defendant, either directly, indirectly or in an impeaching manner, within the purview of *Brady, Giglio*, and their progeny.

**E.   Fed.R.Crim.P. 26.2**

The defendant requests pretrial production of *Statement of Witnesses* within a reasonable time prior to the day of a witness' direct examination. Pretrial production will avoid unnecessary delays and recesses for defense counsel to properly use any statements and prepare for cross-examination.

**F.   Giglio Information**

Pursuant to *Giglio v. U.S.*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could be used for the impeachment of any government witness.

**G.  Information Regarding Informants and Cooperating Witnesses**

Provide all relevant information concerning the identities of any confidential informants who were actual participants in, and/or eyewitnesses to any alleged criminal activities.  This obligation of the government requires, at a minimum, the disclosure of the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to the defendant.  *Roviaro v. United States*, 353 U.S. 53 (1957).

**H.  Evidence of Bias or Motive to Lie**

The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987).

**I.  Impeachment Evidence**

The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. *See* Com.R.E 608, 609, and 613.  Such evidence is discoverable under *Brady*, 373 U.S. at 83.  The defendant also requests that the government disclose any and all evidence relating to prior hypnosis of any prospective government witness. This information is discoverable under *Brady, supra.,* as exculpatory evidence as well as under *Giglio, supra.,* as impeachment evidence.  *Jean v. Collins*, 107 F.3d 1111, 1116-17 (4th Cir. 1997)("clearly established right" to discovery of prior hypnosis).

**J.   Evidence of Criminal Investigation of Any Government Witness**

The defendant requests any evidence that any prospective witness is under investigation by any federal, state, and/or local authorities for any criminal conduct.  *U.S. v. Chitty*, 760 F.2d 425 (2d Cir.), *cert. denied*, 474 U.S. 945 (1985).

**K.   Evidence Affecting Perception, Recollection, Ability to Communicate, and/or Truth Telling**

The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, and/or tell the truth is impaired; and any evidence that a witness has ever used narcotics, and/or other controlled substances, and/or has ever been an alcoholic.  *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

**L.   Names of Witnesses Favorable to the Defendant**

The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant.  *Chavis*, 637 F.2d at 223; *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978).

**M.   Availability of Prospective Government Witnesses**

The defendant requests that the government make a list of any and all its prospective witnesses.  *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996), *cert. denied*, 117 S. Ct. 2414 (1997); *see also United States v. Fletcher*, 74 F.3d 49 (4th Cir.), *cert. denied*, 117 S. Ct. 157 (1996). Defendant also requests that the government make available to counsel for the defendant for an

interview any and all prospective government witnesses whom are within the custody of the government. *United States v. Walton*, 602 F.2d 1176 (4th Cir. 1979). In complying with this request, the government should provide the names, identifying information such as date of birth, and the location of these witnesses.

**N.   Arrest Reports, Notes and Dispatch Tapes**

The defendant also specifically requests that the government provide copies of all arrest reports, notes, and dispatch or any other tapes that relate to the circumstances surrounding the defendant's arrest and/or questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements

**O.   Interviewed Witnesses**

The defendant requests that the government provide copies of all statements of witnesses interviewed by investigating officers of any law enforcement or investigative agency collected or otherwise garnered during the investigation of the charges against the defendant, to include the identification of the witnesses' names and addresses. Defendant requests this information regardless of the government's intent to use the statements at trial.

**P.   Government Examination of Law Enforcement Files**

The defendant requests that the United States Attorney's Office examine the files of any and all law enforcement agencies involved in the investigation of this case. After that review, provide the defense with copies of any and all exculpatory information contained in those files. *Kyles v. Whitley,* 514 U.S. ___, 131 L.Ed.2d. 490 (1995) ("[T]he individual prosecutor has a duty to learn of

any favorable evidence known to others acting on the government's behalf in the case, including the police." *Id.* At 508).   *See also Barbee v. Warden, Maryland Penitentiary,* 331 F.2d 842 (4th Cir. 1964) (police knew of evidence).

**Q.  Henthorn Material**

The defendant would request that the Assistant United States Attorney assigned to this matter oversee a review of all personnel files of each officer involved in this case for impeachment material.  *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).   The Defendant would further request disclosure of any and all complaints that have been filed regardless of whether the complaint was determined to have "Merit."   In the event that that Assistant United States Attorney is unable to determine whether or not materials are or can be used for impeachment, the defendant would request that the Assistant United States Attorney produce said records to the Court for an In Camera Inspection and determination.

**R.  Continuing Request**

This discovery request is a continuing one.   The government must promptly notify counsel for the defendant of the existence of additional evidence or material that is discovered prior to and/or during trial that is subject to discovery and/or inspection under any provision of law.

Respectfully Submitted this _____ day of January, 2008

                                  Law Office of G. Anthony Long

                                  _____

                                  Kelley Marie Butcher, Esq

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24