**Law Office of G. Anthony Long**
P.O. Box 504970
Saipan, MP 96950
Tel.: (670) 235-4802
Fax: (670) 235-4801

Attorney for Defendant

THE UNITED STATES DISTRICT COURT
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>**LI, GUO ZONG**,<br><br>        Defendant. | Criminal Case No. 07-0029<br><br>**DEFENDANT'S MOTION TO DISCLOSE INFORMATION ABOUT CONFIDENTIAL INFORMANT** |

    Defendant **LI, GUO ZONG**, through undersigned counsel, hereby files this Motion to Disclose Information About the Confidential Informant. Defendant is entitled to disclosure of the identity of the confidential informant in order to prepare his cross-examination and present a defense against these allegations. This Motion is based upon the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

1

## I.
## **STATEMENT OF FACTS**[1]

According to the affidavit in support of the arrest warrant in Criminal Case No. 06-0032C, a so-called cooperating source (aka "snitch") met with CNMI Officers and Dectectives. The source claimed that Defendant offered to sell a controlled substance. The detectives obtained a search warrant for a wiretap, and "plan[ned]" for the snitch to buy a controlled substance from Defendant.

As this case proceeds to trial, Defendant is entitled to present a defense and to confront the witnesses against him. See U.S. Const. Amend. 5, 6, 14. This is a basic component of due process. Moreover, as the Fed. R. Evid. plainly apply at trial and because under the Federal Rules of Evidence hearsay is inadmissible, the Government will be forced to call the confidential source as a witness. This means that the Government has certain discovery obligations with which it has not yet complied.[2]

## II.
## ARGUMENT

This case involves an informant. This informant is a material, percipient witness to the alleged violations. His/her identity and all *Brady*[3] / *Giglio*[4] material must be disclosed, particularly where, as here, the alleged informant may be on parole for a felony, where the snitch can testify about the true seller of the drugs, and where the defense of entrapment may be available to the defendant.

---

[1] This Statement of Facts is based upon the court file in this case as well as the discovery received to date. Defendant reserves the right to contest these facts at a later hearing or at trial.

[2] Defendant has received some discovery to date.

[3] *Brady v. Maryland*, 373 U.S. 83, 88, 83 S.Ct. 1194 (1963).

[4] *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972).

2

1    Disclosure of the snitch is required. In *United States v. Roviaro*, 353 U.S. 53 (1957), the U.S.
2 Supreme Court explained that the government's privilege of withholding an informer's identity exists to
3 further and protect the public interest in law enforcement -- but that privilege is not absolute. *See id*. at
4 61-62.  It must give way to disclosure when the "fundamental requirements of fairness" require. *Id.*
5 Specifically, "where the disclosure . . . is relevant and helpful to the defense of an accused, or is essential
6 to a fair determination of a cause." *Id*. at 61-62.  Since *Roviaro*, the Ninth Circuit has specified certain
7 facts to be considered, i.e., the level of involvement of the informer, the helpfulness of the informer to
8 the defense, *United States v. Ayala*, 643 F.2d 244, 246-47 (5th Cir. 1981), and where, as here, "a close
9 relationship between the asserted defense and the informer's likely testimony favors disclosure." *Id*. at
10 247.  The Ninth Circuit reaffirmed *Roviano*'s principles in *United States v. Ramirez-Rangel*, 103 F.3d
11 1501 (9th Cir.1997), holding that  defendants have a right to learn the identity of the government's
12 confidential informants if they show that the information "is relevant and helpful to the defense of an
13 accused or is essential to a fair determination of a cause." *Id*. at 1505 (quoting *Roviaro*, 353 U.S. at
14 60-61). Indeed, in *United States v. Giry*, 818 F.2d 120, 130 (1st Cir. 1987), the First Circuit recognized
15 that it "agree[d] that the appellants cannot be expected to submit a detailed proof offer regarding a
16 witness they have been unable to interview."

17    Indeed, this Court must order production of the informant. *See e.g., United States v. Bower*, 575
18 F.2d 499, 503 (5th Cir. 1978); *United States v. Montgomery,* 998 F.2d 1468, 1477 (9th Cir. 1993);
19 *Diblasio v. Keane*, 932 F.2d 1038, 1042-43 (2d Cir. 1990) (where, as here, "the appellant had actual
20 possession of the narcotics, he made delivery . . . and he "received the money," the informant should
21 have been produced and any credibility determinations "reserved for the jury as fact-finder").  The
22 government must disclose the informant's identity and location, as well as disclose the existence of any
23
24

3

other percipient witness unknown or unknowable to the defense. *See Roviaro*, 353 U.S. at 61-62. The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

In addition, the Government must disclose information which will impeach the informant. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness, or which could be used to impeach him such as a prior conviction or parole status. *See Giglio v. United States*, 405 U.S. 150 (1972). Such information would also include all inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

For example, the police agents claimed that one witness was a "confidential source." Not just any person can be a confidential source. There must be paperwork that confirms that the person is operating as an informant for purposes of an investigation as opposed to committing a freelance crime.[5] This is because the snitch will be engaging in criminal activity. In exchange for his cooperation with police, the snitch will not be prosecuted because he is working as an agent of the police. Defendant is entitled to this information because it in essence establishes the agreement with the police. If this information does not exist, then the police had no basis to conceal the snitch's identity and in fact affirmatively misrepresented his status to obtain the warrants against the Defendant, and that would be a basis to impeach the police, not to mention raising possible other issues.

Regardless of whether the snitch in this case was an "approved" confidential source, usually there is other tangible benefit to for his/her cooperation. The likelihood of receiving benefits becomes greater if, for example, the person is currently on parole for a serious felony. Perhaps, the police offered the

---

[5] Indeed, where as here the police are using funds to buy drugs, the police must fill out extensive forms. *See, e.g.,* DPS, Criminal Investigative Bureau, Policy and Procedure Manual (CIB-SOP), at page 39-49 (laying out strict documentation requirements for use of confidential informant funds).

4

1  snitch an agreement not to inform his parole officer that he was in violation; perhaps the police promised
2  not to revoke his parole. Maybe the police made an agreement not file a report about alleged criminal
3  activity or promised not to prosecute him. Maybe the police even offered him money. Consequently, the
4  defendant seeks all supporting documentation regarding the informant's status, assignments, behavior,
5  payments, promises made to the informant and the criminal records, including any arrest or allegation of
6  parole violation by the informant.

7  Further motions regarding this informant will likely be filed once his identity is disclosed. *See,*
8  *e.g, Franks v. Delaware*, 438 U.S. 154 (1978) (material omissions in the affidavit violates the Fourth
9  Amendment and justifies suppression).

10  Here, Defendant may mount an entrapment defense which will necessitate early production of the
11  informant and which the case law accurately recognizes this defense as one which requires the
12  informant's disclosure. *See e.g., United States v. Montgomery,* 998 F.2d at 1477 (where informant is
13  relevant to entrapment defense, he should have been produced); *United States v. Bower*, 575 F.2d 499,
14  503 (5th Cir. 1978) ("[w]hen the defense is entrapment, this balancing test generally requires disclosure
15  of the informer's identity since the defendant's freedom may rest upon allegations which the informer is
16  in a unique position to affirm or deny."); *Diblasio v. Keane*, 932 F.2d 1038, 1042-43 (2d Cir. 1990)
17  (same).

18                                                              **III.**
19                                                      **CONCLUSION**

20  For the foregoing reasons, this Court should order disclosure of the following information:
21  (a) the identity and location of the confidential source;
22  (b)  his prior convictions or arrests if any;
23
24

1     (c) his parole status if any;

2     (d) the DPS paperwork establishing that he is in fact a confidential source permitted to engage in

3 approved criminal activity;

4     (e) any rewards (*e.g.*, Crimestoppers), any promises even if made by the police officers, or other

5 inducements made to obtain the cooperation of the confidential source;

6     (f) production of the confidential source.

7

8 Respectfully submitted this 14th day of January, 2008.

9

                                                            Law Office of G. Anthony Long

10

11                                                         _____/s/_____

12                                                                  Kelley Butcher, Esq

13

14

15

16

17

18

19

20

21

22

23

24