LEONARDO M. RAPADAS
United States Attorney
ERIC S. O'MALLEY
Assistant United States Attorney
DISTRICT OF THE NORTHERN
  MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2980
Fax:             (670) 236-2985

Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LI, ZONG GUO,<br><br>        Defendant. | Criminal Case No. 07-00029<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISCLOSE INFORMATION ABOUT CONFIDENTIAL INFORMANT** |

    COMES NOW the United States of America, by its undersigned counsel, and opposes the defendant's Motion for Disclosure of Information Regarding the Government's Confidential Informant. The government first notes that it intends to honor its discovery obligations as required by law. Furthermore, in compliance with the Order Granting Waiver of Speedy Trial and Amending Scheduling issued by this Court on January 15, 2008, the government will provide a list of intended witnesses (which includes the informant), and will include their legal names, aliases, nicknames, places of residence and places of employment. This information will be provided at least one week prior to trial.

1    The Court's existing deadlines notwithstanding, the defendant now seeks immediate
2 disclosure of the identity of the government's confidential informant.  When exercising its
3 discretion as to whether (and presumably when) an informant's identity must be disclosed, the
4 Court must weigh the accused's interests against the informant's security and the public's interest
5 in the free flow of information.  <u>Roviaro</u> v. <u>United States</u>, 353 U.S. 53, 62 (l957).  The
6 government does not dispute that the informant in this case played a significant role in the alleged
7 criminal transaction, and accordingly the defendant is entitled to receive information regarding
8 the informant with sufficient time to prepare for trial.  As to defendant's request to compel an
9 immediate or early disclosure of the informant's identity, the government submits that the
10 defendant has failed to provide *primae facie* grounds justifying such an order.

11    The government recognizes that its privilege to withhold the identity of the informant is
12 not absolute.  <u>Roviaro</u>, 353 U.S. at 60-6l.  It is, however, the defendant's burden to establish the
13 necessity for disclosure.  <u>United States</u> v. <u>Whitney</u>, 633 F.2d 902, 9ll (9th Cir. l980), <u>cert. denied</u>,
14 450 U.S. l004 (l98l).  This burden cannot be met simply by speculating that the disclosure will be
15 helpful.  <u>United States</u> v. <u>Trejo-Zambrano</u>, 582 F.2d 460, 466 (9th Cir. 1978)(citation omitted).
16 Nor will a mere statement that the information is necessary to prepare for trial justify compelling
17 disclosure.  <u>United States</u> v. <u>Richter</u>, 488 F.2d l70, l75 (9th Cir. l973).  <u>See also</u> <u>United States</u> v.
18 <u>Moreno</u>, 588 F.2d 490, 494 (5th Cir. 1979)(citation omitted)(the mere possibility of obtaining
19 relevant testimony does not compel disclosure).  The defendant in this case requests an order
20 compelling early disclosure because he "may" claim entrapment, and he "may" file additional
21 motions.  Defendant, however, offers no evidence, or even a theory, to explain why the
22 entrapment defense may be viable, and why early disclosure of the informant's identity is
23 "relevant and helpful to the defense, or is essential to a fair determination of the case."  <u>Rovario</u>,
24 353 U.S. at 62.

It is worth noting that the case may be resolved through a plea agreement well in advance of trial.  Because Saipan is a small community, informants are both hard to come by and easy to reach; therefore, the public has a strong interest weighs strongly in favor of requiring disclosure only when it appears likely that there will be a trial.  Rule l6(a) of the Federal Rules of Criminal Procedure does not require the government to disclose its entire case to the defendant.  It is significant to note that, in l975, Congress considered and rejected a proposed amendment to Rule l6 which would have required compulsory disclosure of witnesses in non-capital cases.  See United States v. Brown, 535 F.2d 424, 429 n.3 (8th Cir. l976); Joint Explanatory Statement of the Committee of Conferences, l2l Cong. Rec. H. 7683 (July 28, l975).  This amendment was defeated because Congress feared that such disclosure would encourage improper attempts to influence witnesses prior to trial.  Brown, 535 F.2d at 429 n.3.  The government has a legitimate concern for the well-being of its witnesses and an interest in maximizing the usefulness of each informant.  To grant the defendant's motion would judicially condone a fishing expedition, thus creating a precedent that will undermine future law enforcement efforts.  For these reasons, the defendant's motion should be denied.

Respectfully submitted this 31st Day of January, 2008.

                         LEONARDO M. RAPADAS
                         United States Attorney
                         District of the Northern Mariana Islands

                         _____/s/_____
                         ERIC S. O'MALLEY
                         Assistant U.S. Attorney