**Law Office of G. Anthony Long**
P.O. Box 504970
Saipan, MP 96950
Tel.: (670) 235-4802
Fax: (670) 235-4801

Attorney for Defendant

THE UNITED STATES DISTRICT COURT
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07-0029 |
| Plaintiff, | **DEFENDANT'S REPLY MOTION** |
| vs. | |
| LI GUO ZONG, | |
| Defendant. | |

Defendant Li Guo Zong, through undersigned counsel, hereby files this Reply Motion in response to the Government's Opposition.

1

**A. The Government must disclose a source because it is helpful to the defense of Mr. Li.**

The government has a limited privilege to withhold the identity of confidential informants. *See Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61, 77 S.Ct. at 627-28. However, the Supreme Court "believes no fixed rule with respect to disclosure is justifiable." *Id.* at 59, 77 S.Ct. at 627. The Court identified the problem as one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the **possible** defenses, the **possible** significance of the informer's testimony, and other relevant factors. *Id.* at 62, 77 S.Ct. at 628-29. (emphasis added)

In practice these factors have focused on 1) whether the testimony would be "relevant and helpful" to the defendants' case, especially in terms of the relationship between the asserted defenses and the likely testimony of the informant, *see United States v. Hernandez,* 608 F.2d 741 (9th Cir.1979), which in turn will often depend on the degree of involvement by the informant in the charged crime, *see United States v. Tenorio-Angel,* 756 F.2d 1505, 1509 (11th Cir.1985), and 2) the government's interest in protecting the safety of an informant, *see United States v. Hernandez-Berceda,* 572 F.2d 680, 683 (9th Cir.), *cert. denied,* 436 U.S. 949, 98 S.Ct. 2856, 56 L.Ed.2d 792 (1978).

The Government places much emphasis on the defense's proposition that the defendant "may" use the defense of entrapment at trial and, upon the disclosure of the informant's identity the defendant "may" file additional motions to the Court. The Government takes the position that because the defendant is not "certain" about his future course of trial strategy he is therefore not entitled to disclosure of the informant's identity. That does not track well established case law in this area.

The Ninth Circuit reaffirmed *Roviaro*'s principles in *United States v. Ramirez-Rangel*, 103 F.3d 1501 (9th Cir.1997), holding that defendants have a right to learn the identity of the government's confidential informants if they show that the information "is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause." *Id.* at 1505 (quoting *Roviaro*, 353 U.S. at 60-61). Indeed, in *United States v. Giry*, 818 F.2d 120, 130 (1st Cir. 1987), the First Circuit recognized that it "agree[d] that the appellants cannot be expected to submit a detailed proof offer regarding a witness they have been unable to interview."

The showing that the defense must make to the court is that the disclosure of the identity would indeed be helpful and relevant to the defense. That showing has been made in the instant case. In this case, the snitch had a high degree of involvement in the alleged crime. According to discovery received thus far, the informant was a consumer and purchaser of methamphetamine. The snitch qualifies as a percipient witness who played an integral role in the alleged narcotic transactions at issue and could provide impeachment and exculpatory evidence towards Mr. Li's exoneration. In addition to the above requirements for disclosure, the Government must disclose information which will impeach the informant.

**B. The Government has not made a showing here that disclosure would be harmful to the informant.**

Although there may arguably be some importance in protecting the identity of informants involved in ongoing narcotics investigations, the Government has not shown that disclosure would be harmful to any Informant's safety or that disclosure could jeopardize ongoing and future investigations. *Gonzalo Beltran; see also Smith v. Illinois,* 390 U.S. 129, 88 S. Ct. 748 18 L. Ed.2d 956(1958) (precluding defendant accused of drugs from inquiring about informant's true name violated defendant's sixth amendment right to confront witness against him where there was no showing that the inquiry would have in any way endangered the witness.

**C. The Government has not made an adequate showing that warrants waiting until one week prior to trial to disclose the identity**

A defendant has the right to present a defense at trial. The Government proffers in its opposition that if they do decide to disclose the identity, they will do so one week prior to trial, this proposition is unacceptable. The government did not put forth any rational explanation that warrants waiting until practically the eve of trial to disclose potentially exculpatory evidence to the defendant. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.' " *Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636. The Government should be ordered to provide this information substantially before trial and in a manner that allows Defendant to make effective use of the information at trial. The Government has only complied with its obligations under *Brady* or other discovery statutes if it provides the evidence in a timely, useful manner that allows defendant to make effective use of it at

trial.

Another troubling factor about waiting until the trial is merely one week away before the government will reveal the identity is that counsel for the defendant is a former Assistant Public Defender here in the CNMI. It is a very real possibility that the identity of the confidential source could present a conflict if he/she had ever been represented by the CNMI Public Defender's Office. If the Court were to allow the Government to wait until the eve of trial for disclosure and a conflict does exist, Mr. Li's right to speedy trial would be violated. Indeed, this Court must order disclosure of the informant's identity in an expedient manner.

**CONCLUSION**

Defendant is entitled to disclosure of the identity of the confidential informant in order to prepare his cross-examination and present a defense against the charges lodged against him. Based on the foregoing reasons, Mr. Li respectfully moves this Court to grant his motion for disclosure.

Respectfully submitted this 7th day of February, 2008.

Law Office of G. Anthony Long

_____/s/_____
Kelley Butcher, Esq.